IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELVIN A. SPOONER and MILISSA S. SPOONER, | : CIVIL ACTION NO. |
| | : 1:15-CV-3673-TWT-JSA |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| WELLS FARGO BANK, N.A., | : |
| | : **ORDER AND FINAL REPORT AND** |
| Defendant. | : **RECOMMENDATION** |

Plaintiff Kelvin Spooner,[1] proceeding *pro se*, seeks leave to file this civil action *in forma pauperis*, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [1] indicates that he is unable to pay the filing fee or to incur the costs of these proceedings. Plaintiff thus satisfies the requirements of 28 U.S.C. § 1915(a)(1), and his Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**. This action shall therefore proceed as any other civil action, and Plaintiff shall be allowed to proceed without prepayment of a filing fee.

Section 1915 does not create an absolute right to proceed in civil actions without payment of costs. *See Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir.

---

[1] Milissa S. Spooner is also a Plaintiff in this lawsuit, but she did not sign the Application [1].

1984) ("The pauper's affidavit should not be a broad highway into the federal courts."). Instead, the statute conveys only a privilege to proceed to those litigants unable to pay filing fees when the action is not frivolous or malicious. *See id.* ("Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit."). Thus, under 28 U.S.C. § 1915(e), a court shall *sua sponte* dismiss a lawsuit if, at any time, the Court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Although a *pro se* complaint is liberally construed, *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008), Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal*, 251 F.3d at 1349 (quotation omitted).

Here, it is evident that this case is entirely lacking in merit and has been frivolously filed. Plaintiff Kelvin Spooner has filed several lawsuits against Defendant Wells Fargo Bank, N.A. in this Court, seeking to avoid foreclosure and/or

dispossession as to real property in Conyers, Georgia. The Court refers to its Final

Report and Recommendation in *Spooner v. Wells Fargo Bank, N.A.*, 1:14-CV-3897-

TWT [19], which sets out the history of Plaintiff's prior actions. All of these suits

have been dismissed, the latest one on grounds of res judicata. *See Spooner*, 1:14-CV-

3897-TWT [19] (Report and Recommendation), [21] (Dismissal Order).

In this latest lawsuit, Plaintiff again sues Wells Fargo, although Plaintiff

appears to be specifically challenging the judicial decisions of the Rockdale County

Magistrate Court, granting Wells Fargo a Writ of Possession for the property. *See* [1-

1] at 2-6. In his "Legal Claims," Plaintiff argues that the Magistrate's "refusal to

honor the Averment of Jurisdiction – Quo Warranto and Notice of Default Judgment

is a violation of her oath of office," and that the Magistrate "committed fraud as he

[sic] knowingly has been administering in a capacity which he [sic] does not have

jurisdiction, delegation of authority, or judicial powers delegated from the

legislature." *Id.* at 3-4. According to the Complaint, the legal authority and/or

jurisdiction for these claims arises under, among other things, the "Zodiac

Constitution," Plaintiff's rights as " a descendant of Moroccans . . . with the blood of

the Ancient Moabites from the land of Moab, who received permission from the

Pharaohs of Egypt to settle and inhabit North-West Africa / North Gate," the "Treaty

3

of Peace and Friendship of 1836 A.D. Between Morocco and the United States," and the law of Treason. *Id.* at 1-4. Plaintiff also lists, without explanation, a number of cites to statutes including the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and various regulations promulgated under those acts. *Id.* at 1.

To the extent Plaintiff once again purports to sue Defendant Wells Fargo under RESPA or TILA relating to this mortgage and/or foreclosure, that claim is meritless and barred by res judicata for all of the reasons previously explained in the rulings in the earlier *Spooner* cases. To the extent Plaintiff purports to sue Wells Fargo in this federal action, based on claims that a Magistrate Judge in Rockdale County issued incorrect rulings in a dispossessory case, that is patently frivolous for any number of reasons, including that the supposed legal authorities cited by Plaintiff are entirely nonsensical. There is also no basis to appeal a county magistrate's dispossessory ruling to federal court, much less in the form of a lawsuit against a private party.

Normally a court should provide a plaintiff with notice of its intent to dismiss and an opportunity to respond before dismissing an action *sua sponte*. The case law, however, has recognized an exception "against dismissal without notice if the complaint is patently frivolous," as this new case clearly is. *Tazo v. Airbus S.A.S.*, 631

F.3d 1321, 1336 (11th Cir. 2011) (citing *Wyatt v. City of Boston*, 35 F.3d 13, 15 n.1 (1st Cir. 1994)). In any event, the undersigned has the power only to recommend dismissal, and Plaintiffs will have the opportunity to object and respond to the undersigned's recommendation, which would then be heard and considered by the District Judge prior to any actual dispositive ruling. Therefore, the undersigned believes that the appropriate and efficient course of action is to **RECOMMEND** that this Complaint be **DISMISSED**. The undersigned incorporates its prior rulings in *Spooner v. Wells Fargo Bank*, 1:14-CV-97 ("*Spooner I*") and *Spooner v. Wells Fargo Bank*, 1:14-CV-3897 ("*Spooner II*"). Plaintiff Kelvin Spooner has previously been provided all of these rulings but, nevertheless, the **CLERK** is **DIRECTED** to mail to Plaintiffs a copy of the Final Report and Recommendation [19] and Dismissal Order [21] in *Spooner II*, 1:14-CV-3897, and the Dismissal Order [8] in *Spooner I*, 1:14-CV-97.

Accordingly, while Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed above, the undersigned **RECOMMENDS** that this action be **DISMISSED**. As this is a Final Report and Recommendation, there is nothing further in this action pending before

the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

     **IT IS SO ORDERED and RECOMMENDED** this 26th day of October, 2015.

                                      _____

                                      JUSTIN S. ANAND
                                      UNITED STATES MAGISTRATE JUDGE